IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-00080-RBJ

RODERICK I. FULLER,

     Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC., a Virginia corporation, as known, doing business or
sometimes referred to as "Old Dominion,"

     Defendant.

---

## ORDER

---

Pending are defendant's motion for summary judgment and motion to strike part of
plaintiff's response. Summary judgment is denied, but the motion to strike is granted.

## I. BACKGROUND

Briefly, Roderick Fuller was a truck driver for Old Dominion Freight Line, Inc. ("OD")
until he was terminated in April 2016. He sued OD claiming breach of contract and racial
discrimination. The Court granted OD's motion to dismiss the contract claim in a written order
issued on June 12, 2017. ECF No. 32. The claims remaining for trial are plaintiff's Second
Claim (violation of Title VII of the Civil Rights Act of 1964) and Third Claim (violation of §
1981 of the Civil Rights Act of 1866). Second Amended Complaint, ECF No. 43, at 22-30. The
trial to a jury is set to begin on June 25, 2018, with a Trial Preparation Conference on May 24,
2018.

The Scheduling Order set a deadline for the filing of dispositive motions of January 17,
2018. However, the parties later requested an extension of that date to March 5, 2018. On that

date OD filed the pending motion for summary judgment. ECF No. 57. That motion became ripe for review upon the filing of defendant's reply brief on April 12, 2018. However, the next day OD filed the pending motion to strike a portion of plaintiff's response brief. That motion became ripe for review upon the filing of the defendant's reply brief on May 17, 2018.[1]

Given the proximity of the Trial Preparation Conference and trial, the Court will not be able to issue a complete written analysis of the pending motions as it did with respect to OD's motion to dismiss. The Court has reviewed the motions and will resolve them in a relatively summary fashion in this order.

## A. **Defendant's Motion for Summary Judgment.**

The theme of this motion is announced in its introductory section:

> Without any supporting evidence (even after taking seven depositions and propounding extensive written discovery), Fuller now claims OD discriminated against him because of his race and terminated his employment because he made an isolated complaint of race discrimination in 2009 – seven years before his termination. Fuller's allegations are sensational, demonstrably false, and unsupported by any admissible evidence.

ECF No. 57 at 1-2.

The standard for review of a summary judgment motion, however, is not whether a party's claims are weak, sensational, or false, but whether there is a genuine dispute of material fact such that evaluation of the facts should be by the jury. Fed. R. Civ. P. 56(a). On review of the briefs the Court finds that there are genuine fact disputes that remain at this time.

First, although OD argues that Mr. Fuller was fired for not following the correct protocol when reporting damage to his truck, other evidence indicates that Mr. Fuller's method of reporting the damage was acceptable under company standards. See ECF Nos. 63-7, 63-10, 63-

---

[1] On May 18, 2018 OD filed a "Daubert" motion to exclude the expert testimony of Dean Bennett. Plaintiff has not yet responded, and its response isn't due until approximately June 11. If filed then, defendant's reply would be due after the trial started.

11, 63-12 (depositions explaining acceptable methods of reporting). This speaks to pretext (a required element for a retaliation claim), as does the testimony of one of Mr. Fuller's co-workers that senior management disliked Mr. Fuller due to a 2009 race-related complaint he made that resulted in a manager being fired. *See* ECF No. 63-8 (Figueroa deposition). This co-worker also testified that senior management "were looking for a reason to fire [Mr. Fuller], so they found one."

Second, it is unclear who had the decision-making authority to fire plaintiff. OD argues it was the sole decision of Mr. Faucette, someone removed from the situation and less likely to have animus towards plaintiff, while plaintiff presents evidence that the decision was orchestrated and executed by Mr. Smith, his direct manager who allegedly harassed and disliked him.

Finally, while the temporal proximity between Mr. Fuller's protected conduct (the race-related complaint in 2009) and his ultimate termination (in April 2016) weakens his retaliation claim, *see*, *e.g., Smith v. Wellpoint, Inc.*, No. 09-cv-00256-MSK-MJW, 2010 WL 3075579 (D. Colo. Aug. 5, 2010) (holding that three month period between protected action and adverse action is insufficient on its own to indicate causation), I find that Mr. Fuller has raised a genuine dispute as to whether racial animus spurring from his constitutionally protected conduct in 2009 led to consistent confrontations and maltreatment by defendant from 2009 until the date he was terminated, and that his engaging in that protected conduct thus was the underlying reason that defendant terminated him.

Accordingly, the motion for summary judgment is denied.

**B.  Motion to Strike.**

Defendant seeks to strike from the summary judgment record portions of plaintiff's Response to the Motion for Summary Judgment [ECF No. 63] that refer to changes submitted in an errata sheet to Mr. Fuller's deposition [ECF No. 64] and declarations signed by Mr. Fuller and a former Old Dominion employee named Ronelle Foley.  Specifically, defendant seeks to strike: the errata sheet; paragraphs 6, 8, 11, and 12 of Mr. Fuller's declaration; paragraphs 8-13 of Mr. Foley's declaration; and all references to these exhibits.

I agree with OD that plaintiff's errata sheet went well beyond correcting minor errors and instead changed substantive portions of plaintiff's testimony.  *See* ECF No. 66-1 (redlined version of plaintiff's deposition testimony as compared with the errata sheet changes).  I also agree that portions of Mr. Fuller's declaration (paragraphs 6, 8, 11, and 12) were submitted in an effort to unfairly "correct" his prior testimony and potentially create issues of fact.  Finally, I agree with OD that paragraphs 8-13 of Ms. Foley's declaration are entirely based on hearsay, do not come from her personal knowledge, and thus should be stricken from the plaintiff's response to the motion for summary judgment.

Please note that I did not consider any of the stricken material in addressing the motion for summary judgment.

## ORDER

1.  Defendant's motion for summary judgment, ECF No. 57, is DENIED.

2.  Defendant's motion to strike, ECF No 66, is GRANTED.

DATED this 23rd day of May, 2018.

BY THE COURT:

R. Brooke Jackson
United States District Judge